USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA ROTH,

        Plaintiff,

  -against-

THE CHEESECAKE FACTORY
RESTAURANTS, INC.,

        Defendant.

19-CV-6570 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the discovery conference held on March 11, 2020, it is hereby ORDERED that:

1. <u>Outstanding Discovery Items (Dkt. No. 23)</u>

    a. During the conference, defendant disclosed the full name of the third manager on duty at Cheesecake Factory on the date of plaintiff's accident, and confirmed that the individuals assigned to the "Desk" on that date remain employees of defendant (and may be noticed for deposition through service upon defendant's counsel). No further discovery on these points (Dkt. No. 23, ¶¶ 1-2) will be required.

    b. On or about March 5, 2020, defendant produced two additional surveillance videos from the date of the accident, bringing the total to five, including all of the "channels" or "angles" showing the plaintiff's movement inside the Cheesecake Factory on that date. No further production of surveillance videos (Dkt. No. 23, ¶ 3) will be required.

    c. Defendant having produced all relevant surveillance videos, plaintiff's request for spoliation-related discovery (Dkt. No. 23, ¶¶ 4-7) is denied as moot. However, to the extent any of defendant's interrogatory responses are still not

signed, "under oath," by "[t]he person who ma[de] the answers," as required by Fed. R. Civ. 33(b)(3) and (5), defendant must promptly serve one or more appropriate verification(s).

2. Rule 37(a)(5)(A) Sanctions

    a. Because defendant produced the two most relevant surveillance videos only after (i) plaintiff filed a letter-motion to compel their production (*see* Dkt. No. 14) and (ii) defendant denied that any additional video angles existed (*see* Dkt. No. 15; Dkt. No. 23-1, at 12:7-9), plaintiff may apply for her "reasonable expenses incurred in making the motion, including attorney's fees" pursuant to Fed. R. Civ. P. 37(a)(5)(A). Plaintiff's shall file her application no later than **March 25, 2020**, and shall support any request for attorneys' fees by contemporaneous time records, authenticated by counsel, that show, for each attorney or other timekeeper, the date of service, the hours expended, the hourly rate charged (if applicable), and the nature of the work performed. Plaintiff must also submit admissible evidence identifying each attorney or other timekeeper and describing his or her background and qualifications, as well as evidence documenting plaintiff's costs and expenses.

    b. Defendant may submit a response no later than **April 8, 2020**, limited to the issue of sanctions. There shall be no reply.

    c. The parties' submissions shall comply with the page limitations and other requirements of Judge Moses's Individual Practices § 1(d).

3. Depositions. Pursuant to Fed. R. Civ. P. 26(b)(2)(A), and having considered the factors set forth in Fed. R. Civ. P. 26(b)(1), the Court imposes the following limitations on the number of fact depositions allowed under Fed. R. Civ. P. 30:

2

  a. Plaintiff may take up to three fact depositions, including: one manager on duty at the Cheesecake Factory during the alleged incident; one waitperson on duty at the Cheesecake Factory during the alleged incident, and one other Cheesecake Factory employee of plaintiff's choosing.

  b. Defendant, who has already deposed plaintiff, may take one additional fact deposition. As discussed during the March 11 conference, defendant is not entitled to re-open the deposition of the plaintiff to question her about (or in light of) the belatedly-produced surveillance videos.

4. <u>Scheduling</u>

  a. <u>Fact Discovery</u>. The deadline for the completion of all fact discovery, including fact depositions, is EXTENDED to **May 15, 2020**.

  b. <u>Status Conference</u>. Judge Moses will hold a status conference on **May 12, 2020, at 10:30 a.m.** No later than **May 8, 2020**, the parties shall submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. The parties' letter shall also include the parties' respective positions, **without argument**, on whether the Court should put in place (i) a schedule for expert discovery (and, if so, what that schedule should be) or, alternatively, (ii) a schedule for summary judgment motion practice on the issue of liability (and, if so, what that schedule should be). In addition, the parties should advise the Court as to whether and when they believe a judicially-supervised settlement conference would be productive.

  c. <u>Remaining Pretrial Deadlines</u>. The remaining pretrial deadlines set forth in the Court's Civil Case Management Plan and Schedule dated October 1, 2019 (Dkt. No. 12) are VACATED.

The Clerk of Court is directed to terminate the motions at Dkt. Nos. 14, 16, 19, and 23.

Dated: New York, New York
March 11, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**