UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA ROTH,

    Plaintiff,

-against-

THE CHEESECAKE FACTORY RESTAURANTS, INC.,

    Defendant.



19-CV-6570 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, defendant The Cheesecake Factory Restaurants, Inc. (Cheesecake Factory) must pay $2,850 to plaintiff Regina Roth pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## Background

On March 11, 2020, after conducting a discovery hearing, the Court issued an Order (March 11 Order) (Dkt. No. 24) pursuant to Fed. R. Civ. P. 37(a)(5)(A), awarding plaintiff her reasonable expenses, including attorneys' fees, incurred in moving to compel defendant's production of surveillance footage of the slip-and-fall accident at the center of this personal injury lawsuit. March 11 Order ¶¶ 1(b)-(c), 2(a). After repeatedly representing that the footage at issue no longer existed, defendant ultimately produced it on or about March 5, 2020 – before the March 11 discovery hearing but long after plaintiff filed a letter-motion to compel its production on January 13, 2020 (Dkt. No. 14), followed by letters dated February 28 and March 3, 2020 (Dkt. Nos. 16, 19), seeking, *inter alia*, discovery concerning defendant's seeming failure to preserve significant evidence. The Court directed plaintiff to file her fee application no later than March 25, 2020, in compliance with "the page limitations and other requirements of Judge Moses's Individual Practices § 1(d)," and directed defendant to submit its response, limited to the issue of sanctions, no later than April 8, 2020. March 11 Order ¶¶ 2(a)-(c).

On March 25, 2020, plaintiff filed a fee application (Pl. Ltr.) (Dkt. No. 28) that exceeds the applicable page limit (by one page) and requests fees and expenses in the amount of $4,835.25, consisting of $4,560.25 in attorneys' fees and $275 in costs. Pl. Ltr. at 5. Plaintiff calculates her requested attorneys' fees by multiplying $425 (the proposed hourly rate for plaintiff's attorney Abraham Rubert-Schewel) by 10.73 (the hours that attorney Rubert-Schewel expended "primarily" on the letters that plaintiff filed on January 13, February 28, and March 3, 2020). Pl. Ltr. at 5; Rubert-Shewel Decl. (Dkt. No. 28-1) ¶¶ 15, 25, 27, 34-35. The $275 in costs would reimburse plaintiff for the time expended by an investigator she retained to inspect the Cheesecake Factory restaurant where the accident occurred to identify "the different surveillance cameras that could have captured the incident." Rubert-Schewel Decl. ¶¶ 22-23.[1]

On April 8, 2020, defendant filed its responding letter (Def. Ltr.) (Dkt. No. 29), which also exceeds the applicable page limit (by three pages) and requests that "Plaintiff's application be denied in its entirety" in light of plaintiff's "disobedience in failing to abide" by the Court's March 11 Order, including by requesting an additional sanction in the form of an adverse jury instruction (and thereby forcing defendant to incur unnecessary expenses in opposing that request). Def. Ltr. at 2. Alternatively, defendant contends that the hourly rate for plaintiff's counsel should be reduced from $425 to $200, and counsel's compensable time should be reduced from 10.73 to 2.1 hours, resulting in an award of no more than $420. Def. Ltr. at 4-7.

---

[1] In addition to an award of monetary sanctions, plaintiff requests that the Court instruct the jury, pursuant to Fed. R. Civ. P. 37(c)(1)(B), about "the defendant's failure to timely turn over video surveillance of plaintiff's fall." Pl. Ltr. at 4. Rule 37(c)(1)(B), which applies when a party "fails to provide information or disclose a witness as required by Rule 26(a) or (e)," is inapposite here, where defendant produced the relevant footage, albeit belatedly. Moreover, the Court resolved plaintiff's entitlement to sanctions during the March 11 conference, authorizing her to apply for her reasonable fees and expenses pursuant to Rule 37(a)(5)(A). March 11 Order ¶ 2(a). The Court did not authorize, and will not now entertain, new requests for additional sanctions arising out of the same discovery misconduct adjudicated at the March 11 conference.

## Analysis

Since the Court has already determined that plaintiff is entitled to an award pursuant to Rule 37(a)(5)(A), the only remaining question is the amount of fees and expenses to be awarded. "In determining the amount of reasonable attorneys' fees, '[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *S.E.C. v. Yorkville Advisors, LLC,* 2015 WL 855796, at *10 (S.D.N.Y. Feb. 27, 2015) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 (2d Cir. 2008)); *see also Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, 2013 WL 3322249, at *4 (S.D.N.Y. July 2, 2013) ("To determine the amount of attorneys' fees to which a prevailing party in a discovery dispute is entitled, the Court must calculate the 'presumptively reasonable fee,'" which "is calculated by multiplying the reasonable number of hours that the case requires by the reasonable hourly rate.") (citations omitted), *aff'd,* 679 F. App'x 33 (2d Cir. 2017).

"A fee applicant bears the burden of 'produc[ing] satisfactory evidence' that its requested rates are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *In re Terrorist Attacks on Sept. 11, 2001*, 2015 WL 6666703, at *4 (S.D.N.Y. Oct. 28, 2015) (quoting *Pearson Educ., Inc. v. Vergara*, 2010 WL 3744033, at *6 (S.D.N.Y. Sept. 27, 2010)), *report and recommendation adopted*, 2015 WL 9255560 (S.D.N.Y. Dec. 18, 2015). This inquiry properly includes a court's own knowledge of private firm hourly rates. *In re Terrorist Attacks on Sept. 11, 2001*, 2015 WL 6666703, at *4 (citing *Miele v. N.Y.S. Teamsters Conference Pension & Ret. Fund,* 831 F.2d 407, 409 (2d Cir. 1987)).

As noted above, plaintiff seeks an award based on a fee of $425 per hour for her attorney Rubert-Schewel. However, Rubert-Schewel was admitted to practice just five years ago, in 2015,

*see Attorney Search*, New York State United Court System, http://iapps.courts.state.ny.us/attorney/AttorneySearch (last visited April 10, 2020), and appears to have spent less than two years practicing personal injury law. Rubert-Schewel Decl. ¶ 38.[2] Having considered the parties' respective submissions, the applicable case law, the nature of this single-plaintiff personal injury action, the circumstances of the parties' discovery dispute, this Court's own knowledge of private firms' hourly rates in this District, and attorney Rupert-Schewel's relative inexperience in the field of personal injury law, the Court concludes that Rupert-Schewel's reasonable hourly rate is $300. *See Montefiore Med. Ctr. v. Local 272 Welfare Fund*, 2019 WL 4565099, at *7 (S.D.N.Y. Sept. 19, 2019) (quoting *Dimopoulou v. First Unum Life Ins. Co.*, 2017 WL 464430, at *3 (S.D.N.Y. Feb. 3, 2017)) ("[T]he range of awarded rates for associates with approximately five years of experience has been between $250 and $350."); *Munson v. Diamond*, 2017 WL 4863096, at *11 (S.D.N.Y. June 1, 2017) (Moses, M.J.) (collecting cases approving hourly rates ranging from $250 to $275 for attorneys with between two and five years of experience), *report and recommendation adopted*, 2017 WL 4862789 (S.D.N.Y. Oct. 26, 2017).

I also conclude that attorney Rubert-Schewel's requested hours must be reduced, though not by much. As defendant correctly notes, *see* Def. Ltr. at 4, plaintiff's letter-motions, for which she now seeks reimbursement, addressed a range of discovery issues beyond the missing surveillance footage for which the Court is prepared to sanction defendant. On the other hand, plaintiff voluntarily excluded from her request a number of hours for which she might have been entitled to at least partial reimbursement, including, for example, the hours expended on the fee

---

[2] Rupert-Schewel attests that he graduated law school in 2014, worked as a public defender until 2017, served as a law clerk to the Hon. Jack B. Weinstein, United States District Judge, from 2017 to 2018, and thereafter "co-founded Lord & Schewel PLLC, where he focuses on civil rights, personal injury and criminal law." Rubert-Schewel Decl. ¶ 38.

application itself. *See E. Point Sys., Inc. v. Maxim*, 2016 WL 1169553, at *1 (D. Conn. Mar. 22, 2016) (a party awarded sanctions under Rule 37(a)(5)(A) is ordinarily entitled to compensation for the time spent preparing the fee application). I also note that plaintiff was obliged to file multiple letter-motions seeking production of defendant's video footage, over the course of nearly two months, primarily because defendant repeatedly stated, both to plaintiff's counsel and to the Court, that the requested footage did not exist. *See* March 11 Order ¶ 2(a). Thus, although both parties have overreached somewhat in connection with the instant fee application,[3] I will award plaintiff fees for 9.5 hours (roughly 90% of the hours sought) of her attorney's time spent pursuing the footage at issue. However, I decline to include in plaintiff's award her requested reimbursement for the $275 expense of her investigator, which I do not conclude was reasonably incurred by plaintiff "in making [her] motion[s]." Fed. R. Civ. P. 37(a)(5)(A).

## Conclusion

For the reasons stated above, plaintiff is awarded $2,850 ($300 times 9.5 hours) in attorneys' fees. Payment is to be made within twenty-one days of this Order.

This Order resolves the letter-motion at Dkt. No. 28.

Dated: New York, New York
April 10, 2020

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**

---

[3] As noted above, both parties ignored this Court's Individual Practices – and its express directive in the March 11 Order – regarding the applicable page limit for their letters. Should either of them repeat this mistake, the Court will simply stop reading at the end of the last permissible page. In addition, plaintiff improperly sought a new discovery sanction, in the form of an adverse jury instruction, notwithstanding that the Court had already explained that her motion for spoliation-related relief was moot, March 11 Hr'g Tr. (Dkt. No. 26), at 32:13-15, and had authorized a fee application only. *See also* March 11 Order ¶ 1(c).