UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

REGINA ROTH,

                     Plaintiff,

  -against-

THE CHEESECAKE FACTORY
RESTAURANTS, INC.,

                     Defendant.

**MEMORANDUM DECISION
AND ORDER**

19 Civ. 6570 (GBD) (BCM)

------------------------------------- X

GEORGE B. DANIELS, District Judge:

    Plaintiff Regina Roth brings this personal injury action against The Cheesecake Factory Restaurant, Inc. ("Defendant" or "Cheesecake Factory"). Plaintiff alleges that she slipped and fell, fracturing her patella, at one of Defendant's restaurant locations due to the negligence of restaurant personnel, who inadequately mopped a wet area near the restroom and left a trail of water through the restaurant. Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 arguing, in part, that it cannot be liable for Plaintiff's injuries because there is no evidence that it created the alleged condition that caused Plaintiff to slip and fall. (Def. Mem. in Support of Mot. for Summ. J. ("Def. Mem"), ECF No. 43, at ¶¶ 10–18.)

    Before this Court is Magistrate Judge Barbara C. Moses's February 5, 2021 Report and Recommendation (the "Report"), recommending that Defendant's motion for summary judgment be denied in its entirety.[1] (Report, ECF No. 51, at 18.) Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. FACTUAL BACKGROUND

On March 30, 2019, Plaintiff visited one of Defendant's restaurant locations to dine with her daughter and three grandchildren. (*Id.* at 3–4.) After placing their food order, Plaintiff took her four-year-old grandson to the restroom. (*Id.* at 4.) While Plaintiff and her grandson were in the women's restroom, Cheesecake Factory manager, Warren Ford, mopped the floor of the vestibule just outside the restroom. (*Id.*) For this task, Mr. Ford used a "string mop" which is a mop "'with long strings that you have to st[r]ain the water out [of] before you actually use it.'" (*Id.* at 4, n.2.) Surveillance video shows that Mr. Ford mopped the floor for approximately 30 seconds, rested the mop against the wall of the vestibule, walked away from the restroom area for 12 seconds, and returned to the area with a yellow "wet floor" sign. (*Id.*) Mr. Ford then continued to mop the floor for an additional 30 seconds until he was interrupted by another employee. (*Id.* at 5.) Mr. Ford then left the restroom vestibule area and, carrying the mop behind him[2], proceeded to walk along a corridor at the side of the dining room and then through the dining room toward the kitchen. (*Id.*) No bucket is visible in the surveillance footage. (*Id.* at 4.) Mr. Ford testified at his deposition that he placed the "wet floor" sign on the floor of the vestibule "as a precaution." (*Id.*)

After Mr. Ford finished mopping, Plaintiff and her grandson were the first people to exit the restroom area. (*Id.* at 5.) Plaintiff testified at her deposition that she saw the "wet floor" sign and observed that the floor was "very wet." (*Id.*) Plaintiff also testified that she told her grandson

---

[2] The parties dispute whether the mop head was dragging along the floor or dripping water. (Report at 5, n.4.)

2

"we are going to take baby steps through this," that she was "actually holding the wall" while walking and noticed that her shoes "got wet walking through that area." (*Id.*)

Plaintiff then followed the same path Mr. Ford had travelled, walking down the corridor along the dining room and into the dining room until turning left toward her table, which then took her down a path Mr. Ford had not walked. (*Id.* at 6.) Just before reaching their table, Plaintiff and her grandson slipped and fell. (*Id.*) Again, at deposition, Plaintiff testified that after falling her pants were "wet on the knees," and that she saw "blotches" of water on the floor where she had fallen. (*Id.*) Plaintiff also testified that her and her grandson's shoes "got wet walking through" the restroom vestibule and that her wet shoes plus "the water in the aisle, [in] combination" was how she slipped. (*Id.*)

Plaintiff's daughter did not observe her fall, did not see anyone spill water in the area of her mother's fall, and did not see anyone clean anything up in the area of her mother's fall. (*Id.*) After the accident, Plaintiff and her daughter alerted restaurant employees, and a manager had the Plaintiff "write down what happened." (*Id.*)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## B. Rule 56 Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)) (internal quotation marks omitted). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

4

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *See id.* However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation and internal quotation marks omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

### III. THE MOTION FOR SUMMARY JUDGMENT IS DENIED

#### A. Whether a Dangerous Condition Existed

Magistrate Judge Moses properly held that a reasonable jury could return a verdict in the Plaintiff's favor as to the condition of the floor when Plaintiff left the restroom and walked back to her table. (Report at 11.) Indeed, as Magistrate Judge Moses correctly outlined, there is a "sharp dispute of fact" over whether a dangerous condition existed in the restroom vestibule. (*Id.*) The evidence establishes that Mr. Ford mopped the area in question, placed, a "wet floor" sign in the restroom vestibule, and carried the mop (without a bucket) along the same path Plaintiff would travel with her grandson upon leaving the bathroom. (*Id.*) As Magistrate Judge Moses noted, on these facts the Defendant could not carry its burden of showing that the evidence does "not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact." (*Id.* at 11–12.) Plaintiff testified, among other things, that the floor "was very wet," that she cautioned her grandchild to take "baby steps," and that her shoes got wet after walking through the area. (*Id.* at 12.) Magistrate Judge Moses therefore appropriately concluded that there is a there is a genuine issue of disputed material fact as to the condition of the floor of the restroom vestibule. (*Id.*)

5

### B. Whether Defendant Had Actual Notice of the Dangerous Condition

Defendant argues that it lacked knowledge of a dangerous condition in the restaurant, either in the restroom vestibule or where the Plaintiff fell, because there was no evidence that "defendant receive[d] complaints or reports regarding the existence of a dangerous condition. (Def. Mem. ¶¶ 19, 22.) Defendant relies upon Plaintiff's testimony that she never complained "about water on the floor" prior to her fall. (*Id.* at ¶ 22.) Plaintiff contends that Defendant did have actual notice of a dangerous condition and points to Mr. Ford's testimony that "someone told me to go check by the bathrooms," after which Mr. Ford mopped the floor of the bathroom vestibule and placed a "wet floor" sign in the area. (Report at 13.) Magistrate Judge Moses correctly concluded that this evidence "at least raises a genuine question whether Mr. Ford knew that a dangerous condition existed in the bathroom vestibule area" thus making summary judgment inappropriate. (*Id.* at 14.)

### C. Whether Defendant Created the Dangerous Condition

The available video surveillance does not definitively establish whether the floor outside the restrooms was wet or whether the mop being carried away by Mr. Ford was dripping water or being dragged along the floor. (Report at 5–6 n.4, n.5, 16.) However, as Magistrate Judge Moses noted, the undisputed facts that Mr. Ford mopped the floor, placed a "wet floor" sign in the area, carried the mop away while holding it behind him, and walked along the path Plaintiff would travel shortly thereafter all establish a genuine issue as to whether Mr. Ford caused the floor of the restroom corridor or the dining room to become wet and slippery. (*Id.* at 16.)[3] Accordingly,

---

[3] Additionally, there is a genuine dispute over causation. (*Id.* at 17.) Magistrate Judge Moses appropriately pointed out that Defendant contends that because the fall occurred near Plaintiff's table and not outside the restroom that Plaintiff's accident could not have been caused by the conditions outside the restroom vestibule. (*Id.*) However, Plaintiff's theory of causation involves a combination of a slippery floor and her shoes becoming wet from the restroom vestibule area mopped by Mr. Ford. (*Id.* at 6, 17.)

6

Magistrate Judge Moses correctly held that Plaintiff presented sufficient admissible evidence that a genuine dispute of material fact exists as to each issue making summary judgment unwarranted.

## IV.    CONCLUSION

Magistrate Judge Moses's Report is ADOPTED. Defendant's motion for summary judgment, (ECF No. 41), is DENIED. The Clerk of the Court is directed to close the motion accordingly.


Dated: March 9, 2021
      New York, New York

SO ORDERED.

*/s/ George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE